0D771 - J88
Franklin County Ohio Clerk of Courts of the Common Pleas 2017 Aug 21 5:57 PM-17CV007532
Case: 2:17-cv-00824-ALM-EPD Doc #: 1-1 Filed: 09/18/17 Page: 1 of 80 PAGEID #: 9

## IN THE FRANKLIN COUNTY COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| **TIFFANY J. CONN** | ) | |
| **6010 Sunwood Place** | ) | |
| **Westerville, Ohio 43081** | ) | **CASE NO:** |
| | ) | |
| | ) | **JUDGE:** _____ |
| **Plaintiff,** | ) | |
| | ) | **MAGISTRATE JUDGE:** _____ |
| **vs.** | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| **FOOD CONCEPTS** | ) | |
| **INTERNATIONAL, LP** | ) | |
| **3950 Gramercy Street** | ) | |
| **Columbus, Ohio 43219** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ABUELO'S INTERNATIONAL LP** | ) | |
| **3950 Gramercy Street** | ) | |
| **Columbus, Ohio 43219** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CHINESE KITCHEN, LLC** | ) | |
| **3950 Gramercy Street** | ) | |
| **Columbus, Ohio 43219** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action against Defendants Food Concepts International, L.P.,

Abuelo's International, L.P., and Chinese Kitchen, LLC ("Defendants") for non-payment of

wages under the FLSA, for the non-payment of wages under Ohio law, for non-payment or

untimely payment of wages pursuant to O.R.C. §4113.15, for non-payment of overtime wages

under the FLSA, for non-payment of wages under Ohio law, recovery of underpaid regular time

wages under the FLSA, recovery of underpaid wages under Ohio law, recovery of confiscated

monies and/or illegal tip pool sharing arrangement under FLSA and Ohio law, for Defendants

willful violations of Ohio Constitution Article II §34a for Defendants failure to keep and

maintain complete and accurate employee records, for violations of 29 C.F.R. §516.1(a),

516.2(a)(4)-(10), 516.5(a) & (c), 516.6(a)-(c), 516.28(a)(1)-(5), and 531.56(e), violations of 29

C.F.R. §531.51 and 531.59, and violation of 29 C.F.R. §531.54. Specifically, Plaintiff seeks from

Defendant Food Concepts International, L.P. ("Food Concepts"), Defendant Abuelo's

International, L.P.("Abuelo's"), and Defendant Chinese Kitchen, LLC ("Kitchen")(collectively

"Defendants") back pay, liquidated damages, treble damages, repayment of all Plaintiff's tips

which Defendants and their agents wrongfully confiscated from Plaintiff, repayment of all

Plaintiff's tips which Defendants and their agents wrongfully confiscated from Plaintiff and

retained for the benefit of Defendants and their Agents, repayment of all Plaintiff's tips which

Defendants and their agents confiscated from Plaintiff and redistributed to non-tipped employees

of Defendants, repayment of all Plaintiff's tips which Defendants and their agents confiscated

from Plaintiff in excess of the rerasonable and customary amounts allowed in the area Plaintiff

was employed, repayment of all Plaintiff's tips wrongfully confiscated by Defendants and their

agents and comingled into the business operations account of Defendants, repayment of any tips

and/or monies wrongfully confiscated from Plaintiff by Defendants or their agents based upon

inaccurate calculations of amounts Plaintiff was alleged to owe to Defendant for coverage of

Defendants' overheads and expenses, repayment of any monies Defendants and their agents

confiscated from Plaintiff and redistributed to a non-lawful tip sharing pool arrangement

operated by Defendants, repayment of all moneys Plaintiff paid to Defendants or their agents

while Defendants were acting as the custodian for Plaintiff's funds, repayment of any tip credit

to Plaintiff which was wrongfuly taken against Plaintiff's minimum wage entitlement, an amount sufficient to compensate Plaintiff for the interest allowed pursuant to O.R.C. 4113.15, and reimbursement of Plaintiff's costs and attorneys' fees in prosecuting this action under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*); the Ohio Minimum Fair Wage Standards Act ("OMFWSA")(R.C. Chapter 4111); and the Minimum Wage Amendment to Ohio's Constitution ("MWAOC")(Art. II, Sec. 34a, Ohio Constitution). Further, Plaintiff seeks recovery pursuant to O.R.C. §4111.14(G), for Defendants willful failure to properly maintain and produce Plaintiff's employee records pursuant to O.R.C. §4111.14(F). Further, Plaintiff seeks unpaid and underpaid wages and liquidated damages under R.C. 4113.15 from Defendants. Further, Plaintiff seeks recovery from Defendants for Defendants' failure to properly, fully, and in advance of requiring Plaintiff to contribute to a tip pool sharing arrangement. Further, Plaitiff seeks recovery from Defendants for Defendants' failure to properly, fully, and in advance of taking tip credit from Plaintiff and against Defendants' obligation to pay Plaintiff full Federal and State minimum wage for all regular and overtime hours worked. Further, Plaintiff seeks recovery from Defendants for their failure to properly and accurately maintain the proper employee and wage and hours records as required by Federal and State law. Further, repayment of any unpaid and underpaid overtime wages and as a result of Defendants practice of requiring Plaintiff to work unrecorded hours before, during, and after her shift.

## JURISDICTION & VENUE

2. Plaintiff realleges paragraphs 1 of her complaint as though fully rewritten herein.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Further, this Court has supplemental jurisdiction over the Ohio law

claims under 28 U.S.C. § 1367(a) because they are related to the FLSA claim that they form part of the same case and controversy under Article III of the United States Constitution.

4. This Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367.

5. This Court has supplemental jurisdiction over Plaintiff's Ohio Constitution claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Franklin County, Ohio.

7. Venue in this district and in this division is appropriate pursuant to 28 U.S.C. § 1391(c), because Defendants conduct business in this judicial district and in this division in Columbus, Ohio.

## PARTIES & BACKGROUND

8. Plaintiff realleges paragraphs 1 through 7 of her complaint as though fully rewritten herein.

9. Plaintiff Tiffany J. Conn (hereinafter referred to as "Plaintiff"), an individual, residing at 6010 Sunwood Place, Westerville, Ohio, 43081, was employed by Defendants at all times relevant, at the Abuelo's Easton Store 621 located at 3950 Gramercy Street, Columbus, Ohio, 43219 ("Store 621"). Plaintiff is presently employed by Defendants and has been employed by Defendants for more than four years at Store 621. Plaintiff was classified as, and performed work as a Certified Trainer, Front-Wait/Server, Front of House Shift Lead, and Back of House Shift Lead at Store 621.

10. Plaintiff brings this action on Plaintiff's own behalf. Plaintiff has given written consent to bring this action to collect unpaid and underpaid regular wages, unpaid and underpaid

overtime wages, and other compensation and damages under the FLSA, OMFWSA, O.R.C. 4111 et seq, O.R.C. 4113, among other sections. The consent form (Exhibit 1) is being filed contemporaneously with this Complaint pursuant to 29 U.S.C. § 216(b) and O.R.C. §4111.14(K)(2).

11. The Plaintiff brings this action for willful violations of FLSA and OMFWSA within three (3) years of the filing of this action pursuant to 29 U.S.C. § 255a, 34(a) and O.R.C. 4111 et seq, and O.R.C. 4113. The Plaintiff claims the three (3) year statute of limitations under 29 U.S.C. § 255a, 34(a) and O.R.C. 4111 et seq. because she alleges that Defendants willfully violated the requirements of the Act and sections of law and because the Defendants have not ceased such violations of the aforementioned sections to include O.R.C. §4111 et seq.

12. Plaintiff was an "employee" of Abuelo's, Food Concepts, and Chinese Kitchen, LLC as that term is defined in 29 U.S.C. § 203(e); O.R.C. Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

13. Plaintiff, while employed by Abuelo's, Food Concepts, and Kitchen, was engaged in commerce or in the production of goods for commerce because Abuelo's, Food Concepts, and Kitchen employed Plaintiff at its restaurant where Plaintiff prepared, ordered, and served beverages and food, among other things, manufactured and delivered in interstate commerce.

14. Upon information and belief, from before July 21, 2013, Plaintiff performed work for Defendants Abuelo's, Food Concepts, and Kitchen at its Abuelo's Store 621.

15. During all relevant times, Plaintiff was an employee covered by the FLSA and Ohio laws governing regular and overtime compensation.

16. Defendant Abuelo's, Food Concepts, and Kitchen are for-profit foreign limited partnerships or limited liability companies registered to do business in the State of Ohio.

17. Within the past three years, Plaintiff performed work for Defendant Abuelo's, Food Concepts, and Kitchen at Abuelo's Store 621.

18. Defendant Food Concepts International, LP ("Food Concepts" or "Food Concepts International") was, at all times relevant, a for-profit foreign limited partnership under the laws of the State of Texas and the State of Ohio.

19. Defendant Abuelo's International, LP ("Abuelo's Int'l." or "Abuelo's" or "Abuelos") was, at all times relevant, a for-profit foreign limited partnership under the laws of the State of Texas and the State of Ohio.

20. Defendant Chinese Kitchen, LLC ("Kitchen") was, at all times relevant, a for-profit foreign limited liability company under the laws of the State of Texas and the State of Ohio.

21. Defendants and their agents were, at all times relevant, persons in the territorial jurisdiction of the United States District Court for the Southern District of Ohio – Eastern Division, and each acted directly or indirectly in the interest of Defendants Abuelo's, Food Concepts, and Kitchen in relation to Plaintiff.

22. Defendant and Defendants' agents were, at all times relevant, an individual and/or "person" who controlled significant day-to-day functions of the business conducted in the Abuelo's Store 621, including determining salaries and pay scales.

23. Defendants Abuelo's, Food Concepts, and Kitchen were each, at all times relevant, an "employer" and enterprise regularly engaged in interstate commerce as defined in the FLSA, 29 U.S.C. § 203 and an "employer" as that term is defined in 29 U.S.C. § 203(d); R.C. Chapter 4111(C); and Article 2, Section 34a of Ohio's Constitution, and O.R.C. 4113 et seq.

24. During all relevant times, Defendants or Defendants' agents directed Defendant Abuelo's, Food Concepts, and Kitchen pay policy, acted in the interest of Defendant Abuelo's, Food Concepts, and Kitchen and was an "employer" within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.01(C).

25. Defendant Abuelo's, at all times relevant, had an annual volume of business in excess of $500,000.00; operated in various states; had at least two employees performing work in the State of Ohio; ordered produce, equipment, beverages, and supplies by mail, phone, or fax; and accepted checks and credit cards from customers as payment for services – all of which constitutes interstate commerce.

26. Defendant Food Concepts, at all times relevant, had an annual volume of business in excess of $500,000.00; operated in various states; had at least two employees performing work in the State of Ohio; ordered equipment and supplies by mail, phone, or fax; and accepted checks and credit cards from customers as payment for goods and services – all of which constitutes interstate commerce.

27. Defendant Kitchen, at all times relevant, had an annual volume of business in excess of $500,000.00; operated in various states; had at least two employees performing work in the State of Ohio; ordered equipment and supplies by mail, phone, or fax; and accepted checks and credit cards from customers as payment for goods and services – all of which constitutes interstate commerce.

28. Defendants Abuelo's, Food Concepts, and Kitchen with respect to Plaintiff, each was required to comply with 29 U.S.C. § 201, et seq.; R.C. Chapter 4111; Article 2, Section 34a of Ohio's Constitution, and O.R.C. 4113, under both individual- and enterprise-coverage principles.

29. As a Server, Plaintiff was paid a tipped minimum wage per hour by Defendants for hours Defendants recorded as worked by Plaintiff between July 21, 2013 through present from Abuelo's Store 621.

30. As a Certified Trainer, Plaintiff was paid minimum wage per hour by Defendants for hours Defendants recorded as worked by Plaintiff between July 21, 2013 through present from Abuelo's Store 621.

31. As a Front of House Shift Lead, Plaintiff was paid tipped minimum wage per hour by Defendants for hours Defendants recorded as worked by Plaintiff between July 21, 2013 thorugh present from Abuelo's Store 621.

32. As a Back of House Shift Lead, Plaintiff was paid tipped minimum wage per hour by Defendants for hours Defendants recorded as worked by Plaintiff between July 21, 2013 through present from Abuelo's Store 621.

33. Between July 21, 2013 through present Plaintiff's occupation of Server was compensated at a tipped occupation rate below the applicable Ohio minimum wage.

34. Between July 21, 2013 through present, Plaintiff's occupation of Back of House Shift Lead was compensated at a tipped occupation rate below the applicable Ohio minimum wage.

35. Between July 21, 2013 through present, Plaintiff's occupation of Front of House Shift Lead was compensated at a tipped occupation rate below the applicable Ohio minimum wage.

36. Between July 21, 2013 through present, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' agents deposited into Defendant Abuelo's business operations account.

37. Between July 21, 2013 through present, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agent retained for their benefit.

38. Between July 21, 2013 through present, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, wrongfully confiscated from Plaintiff and retained an amount equal to 3 percent of Plaintiff's shift sales.

39. Between July 21, 2013 through presnt, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' agents redistributed a portinon of to non-tipped employees of Defendants.

40. Between July 21, 2013 through preesnt, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' retained and refused to pay to the tipped emplloyees who worked with Plaintiff during the shift she earned the confiscated tips or monies.

41. Between July 21, 2013 through present, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents retained for their benefit and refused to redistribute any of the funds until Defendants determined redistribution appropriate. The redistribution of these confiscated funds never took place during the day in which the confiscated funds were earned by Plaintiff.

42. Between July 21, 2013 through present, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent

Case: 2:17-cv-00824-ALM-EPD Doc #: 1-1 Filed: 09/18/17 Page 10 of 80 PAGEID #: 18

of Plaintiff's shift sales, which Defendants' or their agents confiscated in excess of the reasonable and customary amounts allowed in the area in which Plaintiff worked.

43. Between July 21, 2013 through present, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained as a result of inaccurate calculations performed by Defendants or Defendants' agent.

44. Between July 21, 2013 through present, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained as a result of pro formas or sales modifications or adjustments performed by Defendants or Defendants' agent.

45. Between July 21, 2013 through present, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained redistributing a portion of the confiscated tips or monies to a non-lawful tip sharing pool arrangement allegedly operated by Defendants and their agents.

46. Between July 21, 2013 through present, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained while acting as custodian of Plaintiff's funds.

47. Between July 21, 2013 through present, while working as a Server, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained without

properly, fully, and in advance of requiring Plaintiff to contribute to a non-lawful tip pool sharing arrangement.

48. Between July 21, 2017 through present, Plaintiff, while working as a Server, spent more than 20 percent of Plaintiff's average workweek performing duties incidental to Plaintiff's tipped occupation.

49. Between July 21, 2013 through present, Plaintiff, while working as a Server and spending more than 20 percent of Plaintiff's average workweek performing duties incidental to Plaintiff's tipped occupation, Defendants Abuelo's, Food Concepts, and Kitchen, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendant's or their agent used some portion of to pay Defendants' overhead and expenses to include the wages owed to non-tipped employees.

50. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' agents deposited into Defendant Abuelo's business operations account.

51. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agent retained for their benefit.

52. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, wrongfully confiscated from Plaintiff and retained an amount equal to 3 percent of Plaintiff's shift sales.

53. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' agents redistributed a portinon of to non-tipped employees of Defendants.

54. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' retained and refused to pay to the tipped employees who worked with Plaintiff during the shift she earned the confiscated tips or monies.

55. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents retained for their benefit and refused to redistribute any of the funds until Defendants determined redistribution appropriate. The redistribution of these confiscated funds never took place during the day in which the confiscated funds were earned by Plaintiff.

56. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated in excess of the reasonable and customary amounts allowed in the area in which Plaintiff worked.

57. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and

retained as a result of inaccurate calculations performed by Defendants or Defendants' agent.

58. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained as a result of pro formas or sales modifications or adjustments performed by Defendants or Defendants' agent.

59. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained redistributing a portion of the confiscated tips or monies to a non-lawful tip sharing pool arrangement allegedly operated by Defendants and their agents.

60. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained while acting as custodian of Plaintiff's funds.

61. Between July 21, 2013 through present, while working as a Front of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained without properly, fully, and in advance of requiring Plaintiff to contribute to a non-lawful tip pool sharing arrangement.

62. Between July 21, 2013 through present, Plaintiff, while working as a Front of House Shift Lead, spent more than 20 percent of Plaintiff's average workweek performing duties incidental to Plaintiff's tipped occupation.

63. Between July 21, 2013 through present, Plaintiff, while working as a Front of House Shift Lead and spending more than 20 percent of Plaintiff's average workweek performing duties incidental to Plaintiff's tipped occupation, Defendants Abuelo's, Food Concepts, and Kitchen, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendant's or their agent used some portion of to pay Defendants' overhead and expenses to include the wages owned to non-tipped employees.

64. Between July 21, 2013 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' agents deposited into Defendant Abuelo's business operations account.

65. Between July 21, 2013 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agent retained for their benefit.

66. Between July 21, 2013 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, wrongfully confiscated from Plaintiff and retained an amount equal to 3 percent of Plaintiff's shift sales.

67. Between July 21, 2013 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount

equal to 3 percent of Plaintiff's shift sales, which Defendants' agents redistributed a portinon of to non-tipped employees of Defendants.

68. Between July 21, 2013 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' retained and refused to pay to the tipped employees who worked with Plaintiff during the shift she earned the confiscated tips or monies.

69. Between July 21, 2013 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents retained for their benefit and refused to redistribute any of the funds until Defendants determined redistribution appropriate. The redistribution of these confiscated funds never took place during the day in which the confiscated funds were earned by Plaintiff.

70. Between July 21, 2013 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated in excess of the reasonable and customary amounts allowed in the area in which Plaintiff worked.

71. Between July 21, 2013 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained as a result of inaccurate calculations performed by Defendants or Defendants' agent.

72. Between July 21, 2013 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained as a result of pro formas or sales modifications or adjustments performed by Defendants or Defendants' agent.

73. Between July 21, 2103 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained redistributing a portion of the confiscated tips or monies to a non-lawful tip sharing pool arrangement allegedly operated by Defendants and their agents.

74. Between July 21, 2013 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained while acting as custodian of Plaintiff's funds.

75. Between July 21, 2013 through present, while working as a Back of House Shift Lead, Defendants or their agent, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendants' or their agents confiscated and retained without properly, fully, and in advance of requiring Plaintiff to contribute to a non-lawful tip pool sharing arrangement.

76. Between July 21, 2013 through present, Plaintiff, while working as a Back of House Shift Lead, spent more than 20 percent of Plaintiff's average workweek performing duties incidental to Plaintiff's tipped occupation.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007582

77. Between July 21, 2013 through present, Plaintiff, while working as a Back of House Shift Lead and spending more than 20 percent of Plaintiff's average workweek performing duties incidental to Plaintiff's tipped occupation, Defendants Abuelo's, Food Concepts, and Kitchen, at the end of Plaintiff's shift, confiscated from Plaintiff an amount equal to 3 percent of Plaintiff's shift sales, which Defendant's or their agent used some portion of to pay Defendants' overhead and expenses to include the wages owned to non-tipped employees.

78. While Plaintiff was employed by Defendants Abuelo's, Food Concepts, and Kitchen as a Server, Plaintiff's Front Wait/Server job description identified Plaintiff's position as "FLSA Status: Non-exempt" and listed the following 6 "Essential Duties and Responsibilities" or tipped occupation duties: Greet guests and make them feel welcome; [m]ake menu suggestions, take orders and enters orders into computer system; [s]erve guests, offer drinks and refills, and pre bus tables; [o]bserves guests to respond to additional request and determine when meal is completed; [a]ct as cashier in presenting check to guests and providing appropriate change or credit card receipt; [r]un food and assist other servers when required.

79. While employed by Defendants, Plaintiff was never provided a copy of the Front-Wait job description.

80. While employed by Defendants, Plaintiff was never provided a copy of the Back of House Shift Lead job description.

81. While employed by Defendants, Plaintiff was never provided a copy of the Front of House Shift Lead job description.

82. While employed by Defendants, Plaintiff was never provided a copy of the Certified Trainer job description.

83. While Plaintiff was employed by Defendants Abuelo's, Food Concepts, and Kitchen, Plaintiff spent more than 20 percent of Plaintiff's workweek worktime performing duties incidental or related to Plaintiff's tipped occupation.

84. Because Plaintiff spent more than 20 percent of Plaintiff's workweek worktime performing duties incidental or related to Plaintiff's tipped occupation, Plaintiff was, by definition, employed in a dual job occupation.

85. While Plaintiff was employed by Defendants Abuelo's, Food Concepts, and Kitchen, Defendants confiscated an amount equal to 3 percent of Plaintiff's shift sales from Plaitiff and upon information and belief, redistributed a portion of the confiscated monies to Hosts, Hostesses, Non-Service Bartenders, and Servers Assistants who were non-tipped employees.

86. While Plaintiff was employed by Defendants Abuelo's, Food Concepts, and Kitchen, Defendants knew Plaintiff was working dual job occupations but failed to maintain an accurate record of Plaintiff's occupations, pay rates, hours worked for each day worked, and each amount paid to Plaintiff in violation of FLSA Section 211(c), OMFWSA § 4111.14, and MWAOC 34a.

87. While Plaintiff was employed with Defendants Abuelo's, Food Concepts, and Kitchen, Plaintiff's normal workweek consisted of Plaintiff working "off the clock" or "unrecorded time" performing duties related or incidental to Plaintiff's tipped occupation of Front-Wait/Server.

88. Defendants Abuelo's, Food Concepts, and Kitchen maintained no employee records documenting, detailing, or containing data establishing how much in "tip share" Defendants wrongfully confiscated from Plaintiff.

89. Defendants Abuelo's, Food Concepts, and Kitchen maintained no employee records documenting, detailing, or containing data establishing how much in shift sales Plaintiff recorded for each shift Plaintiff worked.

90. Defendants Abuelo's, Food Concepts, and Kitchen maintained no employee records documenting, detailing, or containing data establishing how much in shift sales Defendants recorded for Plaintiff after Defendants or their agent modified, adjusted or completed pro formas for each shift Plaintiff worked.

91. As a result of Defendants and Defendants' agents modifications, adjustements, and pro formas to the shift sales numbers of Plaintiff and Plaintiffs' co-workers, Defendants always confiscated more "tip share" from Plaintiff and Plaintiffs' co-workers than Defendants or their agent ever paid out to Plaintiff or Plaintiffs' co-workers.

92. Although Defendants or their agents confiscated an amount equal to 3 percent of Plaintiff's shift sales from Plaintiff at the end of each shift as "tip share", Plaintiff, while working as a Front-Wait or Server was never paid or refunded any portion of the monies confiscated from Plaintiff.

93. Although Defendants or their agents confiscated an amount equal to 3 percent of Plaintiff's shift sales from Plaintiff at the end of each shift as "tip share", Plaintiff, while working as a Back of House Shift Lead was never paid or refunded any portion of the monies confiscated from Plaintiff.

94. Although Defendants or their agents confiscated an amount equal to 3 percent of Plaintiff's shift sales from Plaintiff at the end of each shift as "tip share", Plaintiff, while working as a Front of Hosue Shift Lead was never paid or refunded any portion of the monies confiscated from Plaintiff.

95. Between July 21, 2013 through present, while clocked-in and working in the Server job occupation (exclusive of Plaintiff working as a Shift Lead Server), Defendants Abuelo's, Food Concepts, and Kitchen required Plaintiff, during Plaintiff's normal workweek, to work hours on the clock engaged in duties incidental or related to Plaintiff's tipped occupation of Server. Defendants Abuelo's, Food Concepts, and Kitchen accepted Plaintiff's work while paying Plaintiff a sub-minimum wage and taking tip credit for all hours worked by Plaintiff in violation of the FLSA and the OMFWSA.

96. Between July 21, 2013 through present, while working as a Server, Plaintiff, upon information and belief, was required to: remove dishes from tables and take them to dishwasher after guests left; clean tables, chairs and surrounding areas and reset with silverware and plates; roll silverware, make coffee/tea, and supply service stations; clean bathrooms, restaurant floors, dust fixtures, and perform other janitorial responsibilities; prepare alcoholic and nonalcoholic drinks according to recipe or company specifications within specified ticket time standards; wash, cut, and/or prepare vegetables and fruit for use; measure and mix ingredients according to recipes to prepare certain menu items; clean and store plates, glassware, utensils; maintain kitchen floors and general kitchen cleanliness; assist in food preparation as needed; stocking beer cooler; cleaning out stock closets; using wood polish on chair rails, tables and chairs; perform pre-corporate store visit work in advance of corporate personnel visits to Store 621; dust plants; use toothpicks to clean edges

0D771 - K9

of tables; scrape and clean table bottoms; clean table bases; check beer coolers and liquor stock; stock liquor; use management mag card as necessary; reclean tables of non-shift lead servers; filling up ice bins as necessary; clean out dust pans; steam clean uniforms; clean out stock room; changing out soda fountain syrup supply; coordinate activities of other hourly employees to insure efficient and profitable operation; assist in retaining hourly employees and motivating them by providing ongoing training and development; assisted in achieving company objectives in sales, service, quality, appearance of facility and sanitation and cleanliness; insure that all food and products are consistently served according to the restaurants serving standards.

97. Between July 21, 2013 through present, Plaintiff's occupation as Server was not compensated at a non-tipped occupation rate even though Plaintiff spent more than 20 percent of Plaintiff's workweek hours performing duties incidental or related to Plaintiff's tipped occupation.

98. Defendants Abuelo's, Food Concepts, and Kitchen, during all times relevant, employed 8 Server's Assistants (which were employees that did not customarily and regularly receive tips), an "FLSA Status: Non-exempt" position, to occasionally or incidentally perform tipped occupational duties and to routinely spend more than one-third of their workday and more than 20 percent of their workweek worktime performing the non-tipped occupational duties of dishwashing, freight handling, gardening, janitorial, maintenance, and assisting servers.

99. Because the Defendants' Servers Assistants spent more than an occasional and incidental amount of their workday time and workweek worktime performing the non-tipped occupational duties of dishwashing, freight handling, gardening, janitorial, maintenance, and

assisting servers, the Server Assistants were, by definition, non-tipped employees and employees who did not customarily and regularly receive tips.

100.     The participation of Servers Assistants, employees who do not customarily and regularly receive tips, in the Defendants Abuelo's, Food Concepts, and Kitchen alleged tip pool sharing arrangement violates 29 C.F.R. § 531.54.

101.     The inclusion of Servers Assistants, employees who do not customarily and regularly receive more than $30.00 a month in tips, in the Defendants Abuelo's, Food Concepts, and Kitchen tip pool violates 29 C.F.R. § 531.54, 29 U.S.C. § 203(m) and (t).

102.     The inclusion of Servers Assistants, employees who are not engaged in an occupation in which he/she customarily and regularly receives more than $30.00 a month in tips, in the Defendants Abuelo's, Food Concepts, and Kitchen, tip pool violates 29 C.F.R. § 531.54, 29 U.S.C. § 203(m) and (t).

103.     Any "tip share" distributed by Defendants to Servers Assistants are not tips received from a valid tip pool.

104.     At all times relevant, Servers Assistants did not interact with customers, worked in a restaurant where there were no undesignated tips, did not receive and were not offered tips directly from customers, were not prohibited by Defendants Abuelo's, Food Concepts, and Kitchn from accepting tips, had little or no interaction with costumers, were prohibited from interacting with Hosts, were not the primary contact with the costumer, were not in a position to receive tips from customers, and in some instances had no contact with the costumer at all.

105.     The inclusion of Hosts or Hostesses, employees who do not customarily and regularly receive more than $30.00 a month in tips, in the Defendants Abuelo's, Food Concepts, and

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007582

Case: 2:17-cv-00852-ALM-EPD Doc #: 1-1 Filed: 09/26/17 Page: 23 of 80 PAGEID #: 31

Kitchen alleged tip pool sharing arrangement violates 29 C.F.R. § 531.54, 29 U.S.C. § 203(m) and (t).

106.   The inclusion of Hosts or Hostesses, employees who are not engaged in an occupation in which he/she customarily and regularly receives more than $30.00 a month in tips, in the Defendants Abuelo's, Food Concepts, and Kitchen alleged tip pool sharing arrangement violates 29 C.F.R. § 531.54, 29 U.S.C. § 203(m) and (t).

107.   Any "tip share" distributed by Defendants to Hosts or Hostesses are not tips received from a valid tip pool.

108.   At all times relevant, Hosts or Hostesses had de minimis interaction with customers, worked in a restaurant where there were no undesignated tips, did not receive and were not offered tips directly from customers, were not prohibited by Defendants Abuelo's, Food Concepts, Kitchen from accepting tips, had little or no interaction with costumers, were prohibited from interacting with Servers, were not in a position to receive tips from customers, and were not the primary contact with the costumer.

109.   The inclusion of Non-Service Bar Bartenders, employees who do not customarily and regularly receive more than $30.00 a month in tips, in the Defendants Abuelo's, Food Concepts, Kitchen alleged tip pool sharing arrangement violates 29 C.F.R. § 531.54, 29 U.S.C. § 203(m) and (t).

110.   The inclusion of Non-Service Bar Bartenders, employees who are not engaged in an occupation in which he/she customarily and regularly receives more than $30.00 a month in tips, in the Defendants Abuelo's, Food Concepts, and Kitchen alleged tip pool sharing arrangement violates 29 C.F.R. § 531.54, 29 U.S.C. § 203(m) and (t).

111.    Any "tip share" distributed by Defendants to Non-Service Bar Bartenders are not tips received from a valid tip pool.

112.    At all times relevant, Non-Service Bar Bartenders did not interact with customers, worked in a restaurant where there were no undesignated tips, did not receive and were not offered tips directly from customers, were not prohibited by Defendants Abuelo's, Food Concepts, and Kitchen from accepting tips, were prohibited from interacting with customers, were not in a position to receive tips from customers, and were not the primary contact with the costumer.

113.    Abuelo's former General Manager, Miro Lucinan, testified by affidavit that Defendants Abuelo's and Food Concepts, at all times relevant, were using the provisions of the FLSA and the OMFWSA, (the mandatory "tip share" confiscation, tip credit provision, and tipped employee wage provisions) to circumvent the tip credit provisions of the FLSA and the OMFWSA.

114.    Defendants' Abuelo's, Food Concepts, and Kitchen mandatory requirement that Servers, Front of House Shift Leads, and Back of House Shift Leads contribute 3 percent of their shift sales into an alleged tip pool sharing arrangement operated by Defendants and their agnets, which required the participation of Servers Assistants, Hostesses, and Hosts, violates 29 C.F.R. §531.54 because it required employees – Servers, Front of House Shift Lead, and Back of House Shift Lead – to contribute and share their tips with employees – Server Assistants, Hostesses, and Hosts - who do not customarily and regularly receive tips yet were allowed by Defendants to participate in an alleged "tip pooling sharing" arrangement to include chefs or cooks, dishwashers, freight handlers, gardeners, janitors, laundry room attendants, and maintenance persons.

115.    Defendants' Abuelo's, Food Concepts, and Kitchen mandatory requirement that Servers, Back of House Shift Leads, and Front of House Shift Leads contribute tips to the Defendants alleged tip pool sharing arrangement, which included employees - Servers Assistants, Hostesses, and Hosts - violates 29 C.F.R. §531.54 because the tip pool sharing arrangement included employees – Server Assistants, Hostesses, and Hosts - who do not customarily and regularly receive tips to include chefs or cooks, dishwashers, freight handlers, gardeners, janitors, laundry room attendants, and maintenance persons.

116.    Beginning as early as July 21, 2013 and continuing to present, Defendants Abuelo's, Food Concepts, and Kitchen employed Server Assistants, as set-forth in Defendants' written Server Assistant job description, to [r]emove dirty dishes from tables after guests have left and take to dishwasher; [c]lean tables, chairs, and surrounding areas and reset with silverware and plates; [r]oll silverware, make coffee/tea, and supply stations; and [c]lean bathrooms, restaurant floors, dusty fixtures, and other janitorial responsibilities.

117.    Beginning as early as July 21, 2013 and continuing until present, Defendants Abuelo's, Food Concepts, and Kitchen required 8 of its Servers Assistants to engage in duties which were those of a tipped occupation.

118.    Beginning as early as July 21, 2013 and continuing until present, Defendants Abuelo's, Food Concepts, and Kitchen required 8 of its Servers Assistants to engage in duties which were related to or incidental to a tipped occupation.

119.    Beginning as early as July 21, 2013 and continuing until present, the amount of workday worktime and workweek worktime the Defendants Abuelo's, Food Concepts, and Kitchen required 8 of its Servers Assistants to engage in duties which were related to or incidental to a non-tipped occupation exceeded or was more than one-third of the Server Assistants

worktime in a workday and exceeded or was more than 20 percent of a Server Assistants' worktime in a workweek.

120.    Beginning as early as July 21, 2013 and continuing until present, Defendants Abuelo's, Food Concepts, and Kitchen required 8 of its Servers Assistants to engage in duties which were those of the non-tipped occupations of dishwasher, freight handling, gardener, janitor, and maintenance-person.

121.    Between July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen required 5 of the 8 Servers Assistants to spend more than 20 percent of their workweek time performing duties of a non-tipped occupations of dishwasher, freight handling, gardener, janitor, and maintenance-person or in duties which did not support the Servers.

122.    Between July 21, 2013 and present, Defendants Abuelo's, Food Concepts, and Kitchen regularly required 5 of the 8 Servers Assistants to spend between 25 and 51.52 percent of the Server's Assistants workweek time performing duties of the non-tipped occupations of dishwasher, freight handling, gardener, janitor, and maintenance-person. The other 3 Server Assistants spent between 12.73 and 18.64 percent of their normal workweek time performing duties of the non-tipped occupations of dishwasher, freight handling, gardener, janitor, and maintenance-person.

123.    Beginning as early as July 21, 2013 and continuing until present, Defendants Abuelo's, Food Concepts, and Kitchen paid its Server Assistants a sub-minimum wage, took tip credit for each hour worked by a Server Assistant, and required that each Server Assistant participate in a tip pool sharing arrangement whereby each Server Assistant received a tip

pool share distribution from the mandatory tip pool operated by Defendants Abuelo's, Food Concepts, and Kitchen through its agents.

124.  Beginning as early as July 21, 2013 and continuing until present, Defendants Abuelo's, Food Concepts, and Kitchen mandated that each Server Assistant participate in the tip pool sharing arrangement even though 5 of the 8 Server Assistants spent more than 20 percent of their normal workweek time working in the non-tipped occupations of dishwasher, freight handling, gardener, janitor, and maintenance-person.

125.  Because 5 of the 8 Server Assistants were, by definition, non-tipped employees or employees that did not customarily and regularly receive tips, those Server Assistants' participation and inclusion in Defendants' Abuelo's, Food Concepts, and Kitchen mandatory tip pool for tipped employees violated 29 C.F.R. § 531.54.

126.  Because Defendants Abuelo's, Food Concepts, Kitchen required tipped employees to share their tips with non-tipped employees through its unlawful tip pool and sharing arrangement, all tip share confiscated by Defendants from Plaintiff between July 21, 2013 through present must be returned to Plaintiff by Defendants pursuant to FSLA § 216 (a) and (b), O.R.C. 4111.10, 4111.13, 4111.14 and 4111.99, and MWAOC Section 34a.

127.  The prevailing Federal minimum wage rate for Servers between January 1, 2013 through present was $7.25 per hour worked or $2.13 per hour plus tips. The Defendants Abuelo's, Food Concepts, and Kitchen under recorded the hours Plaintiff worked as a Server for calendar years 2013, 2014, 2015, 2016, and 2017 at Store 621.

128.  The prevailing State minimum wage rate for Servers was $7.85 per hour worked or $3.93 per hour plus tips in calendar year 2013, $7.95 per hour worked or $3.98 per hour plus tips in calendar year 2014, $8.10 per hour worked or $4.05 per hour plus tips in calendar year 2015,

0D771 - K16

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007582
Case: 2:17-cv-00824-ALM-EPD Doc #: 1-5 Filed: 09/18/17 Page 28 of 80 PAGEID #: 36

$8.10 per hour worked or $4.05 per hour plus tips in calendar year 2016, and $8.15 per hour worked or $4.08 per hour plus tips in calendar year 2017. Defendants Abuelo's, Food Concepts, and Kitchen under recorded the hours Plaintiff worked as a Server for calendar years 2013, 2014, 2015, 2016, and 2017.

129.    Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid regular wage for hours Plaintiff worked at Abuelo's Store 621 as a Server under FLSA.

130.    Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid overtime for hours Plaintiff worked at Abuelo's Store 621 as a Server under FLSA.

131.    Defendants Abuelo's, Food Concepts, Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015,2016, and 2017 for underpaid time for hours Plaintiff worked at Abuelo's Store 621 as a Server under FLSA.

132.    Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid regular time for hours Plaintiff worked at Abuelo's Store 621 as a Server under OMFWSA.

133.    Defendants Abuelo's, Food Concepts, and Kitchen  failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid overtime for hours Plaintiff worked at Abuelo's Store 621 as a Server under OMFWSA.

134.    Defendants Abuelo's, Food Concepts, and Kithcn failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for underpaid time for hours Plaintiff worked at Abuelo's Store 621 as a Server under OMFWSA.

135.  Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid regular wage for hours Plaintiff worked at Abuelo's Store 621 as a Back of House Shift Lead under FLSA.

136.  Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid overtime for hours Plaintiff worked at Abuelo's Store 621 as a Back of House Shift Lead under FLSA.

137.  Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for underpaid time for hours Plaintiff worked at Abuelo's Store 621 as a Back of House Shift Lead under FLSA.

138.  Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid regular time for hours Plaintiff worked at Abuelo's Store 621 as a Back of House Shift Lead OMFWSA.

139.  Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid overtime for hours Plaintiff worked at Abuelo's Store 621 as a Back of House Shift Lead under OMFWSA.

140.  Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for underpaid time for hours Plaintiff worked at Abuelo's Store 621 as a Back of House Shift Lead under OMFWSA.

141.  Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid regular wage for hours Plaintiff worked at Abuelo's Store 621 as a Back of House Shift Lead under FLSA.

0D771 - K18
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 31 5:57 PM-17CV007582
Case: 2:17-cv-00924-ALM-EPD Doc #: 1-5 Filed: 09/28/17 Page: 30 of 80 PAGEID #: 38

142. Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid overtime for hours Plaintiff worked at Abuelo's Store 621 as a Front of House Shift Lead under FLSA.

143. Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for underpaid time for hours Plaintiff worked at Abuelo's Store 621 as a Front of House Shift Lead under FLSA.

144. Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid regular time for hours Plaintiff worked at Abuelo's Store 621 as a Front of House Shift Lead OMFWSA.

145. Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for un-paid overtime for hours Plaintiff worked at Abuelo's Store 621 as a Front of House Shift Lead under OMFWSA.

146. Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff in calendar year 2013, 2014, 2015, 2016, and 2017 for underpaid time for hours Plaintiff worked at Abuelo's Store 621 as a Front of House Shift Lead under OMFWSA.

147. As a result of Defendants Abuelo's, Food Concepts, and Kitchen failure to pay Plaintiff appropriate wages under the FLSA, Plaintiff is entitled to recover liquidated damages from Defendants for calendar years 2014, 2015, 2016, and 2017.

148. As a result of Defendants Abuelo's, Food Concepts, and Kitchen failure to pay Plaintiff appropriate wages under the OMFWSA, Plaintiff is entitled to recover treble damages from Defendants for calendar year 2014, 2015, 2016, and 2017.

149. As a result of Defendants Abuelo's, Food Concepts, and Kitchen wrongfully confiscating Plaintiff's tips or monies for contribution into Defendants unlawful tip pool sharing

arrangement in violation of the FLSA, Plaintiff is entitled to recover damages from Defendants in the for calendar year 2014, 2015, 2016, and 2017, as a result of wrongful payment, Plaintiff is entitled to an additional amount for calendar years 2014, 2015, 2016, and 2017 as and for liquidated damages.

150. As a result of Defendants Abuelo's, Food Concepts, and Kitchen wrongful confiscation of Plaintiff's tips or monies for contribution into Defendants' unlawful tip pool sharing arrangement in violation of the OMFWSA, Plaintiff is entitled to recover damages from Defendants in for calendar years 2014, 2015, 2016, and 2017 as a result of wrongful payment, Plaintiff is entitled to an additional amount of damages for calendar years 2014, 2015, 2016, and 2017 as and for treble damages.

151. For the period July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen failed to pay Plaintiff wages for the calendar year 2013, 2014, 2015, 2016, and 2017, Plaintiff has been injured as and for unpaid and underpaid overtime and regular wages and is entitled to recover as back pay (without any consideration of collateral sources) these amounts and an additional amount for calendar years 2014, 2015, 2016, and 2017 as liquidated damages pursuant to O.R.C. 4113.15.

152. Between July 21, 2013 through present, when Plaintiff worked as a Server, Plaintiff, prior to clocking into work, and after clocking out spent a number of hours per year or a number of hours per week working "off the clock" or "unrecorded time" performing duties incidental/related to Plaintiff's tipped occupation.

153. Between July 21, 2013 and present, when Plaintiff worked as a Front of House Shift Lead, Plaintiff, prior to clocking into work, and after clocking out spent a number of

0D771 - K20
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007532
Case: 2:17-cv-00894-ALM-EPD Doc #: 1 Filed: 09/28/17 Page: 32 of 80 PAGEID #: 40

hours per year or a number of hours per week working "off the clock" or "unrecorded time" performing duties incidental/related to Plaintiff's tipped occupation.

154.    Between July 21, 2013 through present, when Plaintiff worked as a Server, Plaintiff, during Plaintiff's shift, would spent a number of hours per year or a number of hours per work week or some percent per work week performing duties in Plaintiff's tipped occupation.

155.    Between July 21, 2013 through present, when Plaintiff worked as a Back of House Shift Lead, Plaintiff, during Plaintiff's shift, would spent a number of hours per year or a number of hours per work week or some percent per work week performing duties in Plaintiff's tipped occupation.

156.    Between July 21, 2013 through present, when Plaintiff worked as a Front of House Shift Lead, Plaintiff, during Plaintiff's shift, would spent a number of hours per year or a number of hours per work week or some percent per work week performing duties in Plaintiff's tipped occupation.

157.    Between July 21, 2013 through present, when Plaintiff worked as a Server, Plaintiff, during Plaintiff's shift, would spent a number of hours per year or a number of hours per work week or some percent per work week performing duties incidental/related/unrelated to Plaintiff's tipped occupation.

158.    Between July 21, 2013 through present, when Plaintiff worked as a Back of House Shift Lead, Plaintiff, during Plaintiff's shift, would spent a number of hours per year or a number of hours per work week or some percent per work week performing duties incidental/related/unrelated to Plaintiff's tipped occupation.

159. Between July 21, 2013 through present, when Plaintiff worked as a Front of House Shift Lead, Plaintiff, during Plaintiff's shift, would spent a number of hours per year or a number of hours per work week or some percent per work week performing duties incidental/related/unrelated to Plaintiff's tipped occupation.

160. Upon information and belief, between July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen engaged in a practice of punch editing Plaintiff's clock-in times, clock-out times, job occupations, declared tips, and dates worked.

161. Defendants Abuelo's, Food Concepts, and Kitchen practice of punch editing Plaintiff's records resulted in Plaintiff being unpaid, underpaid, and wrongfully taxed.

162. Defendants Abuelo's, Food Concepts, and Kitchen actions and omissions caused Plaintiff to pay Federal, State, City, Municipal, Local, and School taxes on wages Plaintiff did not earn.

163. The amount of damages suffered by Plaintiff as a result of Defendants Abuelo's, Food Concepts, and Kitchen actions and omissions related to punch edits will be determined at trial.

## FIRST CLAIM FOR RELIEF

*(Non-Payment of Wages under the FLSA)*

164. Plaintiff realleges paragraphs 1 through 163 of her complaint as though fully rewritten herein.

165. Under 29 U.S.C. § 206, Abuelo's, Food Concepts, and Kitchen were obligated to pay Plaintiff the Federal minimum rate of wages for any work they suffered, permitted, or

Case: 2:17-cv-00825-ALM-EPD Doc #: 1 Filed: 09/18/17 Page: 34 of 80 PAGEID #: 42

required Plaintiff to perform, and Abuelo's, Food Concepts, and Kitchen were obligated to comply with the remainder of the law, including record-keeping requirements.

166.    From July 21, 2013 thorough present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, as a Server working in a tipped occupation and dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

167.    From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, as a Front of House Shift Lead working in a tipped occupation and dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

168.    From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, as a Back of House Shift Lead working in a tipped occupation and dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

169.    From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, as a Certified Trainer working in a tipped occupation and dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

0D771 - K23

170. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, as a Server working in a tipped occupation and dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

171. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, as a Front of House Shift Lead working in a tipped occupation and dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

172. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, as a Back of House Shift Lead working in a tipped occupation and dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

173. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, as a Certified Trainer working in a non-tipped occupation and dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

174. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, while working as a Server – "off the clock" - and in an incidental or

0D771 - K24
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007532
Case: 2:17-cv-00824-ALM-EPD Doc #: 1 Filed: 09/18/17 Page: 36 of 80 PAGEID #: 44

unrelated non-tipped occupation or dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

175.    From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, while working as a Front of House Shift Lead – "off the clock" - and in an incidental or unrelated non-tipped occupation or dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

176.    From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, while working as a Back of House Shift Lead – "off the clock" - and in an incidental or unrelated non-tipped occupation or dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

177.    From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, while working as a Certified Trainer – "off the clock" - and in a non-tipped occupation or dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

178.    From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, as a Server working in a tipped occupation and dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007582

Case: 2:17-cv-00824-ALM-EPD Doc #: 1-5 Filed: 09/19/17 Page: 37 of 80 PAGEID #: 45

179. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, as a Front of House Shift Lead working in a tipped occupation and dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour

180. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, while working as a Back of House Shift Lead – "off the clock" - and in an incidental or unrelated non-tipped occupation or dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

181. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff, while working as a Certified Trainer – "off the clock" - and in a non-tipped occupation or dual job, to work for $0.00 per hour, which is less than the applicable Federal minimum wage rate of $7.25 per hour.

182. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to pay Plaintiff for all hours worked. Defendants were aware Plaintiff worked these hours, but still refused to pay Plaintiff.

183. From July 21, 2013 through present, when Plaintiff worked "off the clock" as a Server, Front of House Shift Lead, Back of House Shift Lead, and Certified Trainer, the Defendant Abuelo's or their agent knew about and accepted the benefits of Plaintiff's work but failed and/or refused to provide Plaintiff proper compensation.

184.   Defendants Abuelo's, Food Concepts, and Kitchen do not qualify for an exemption from paying minimum wages to Plaintiff under 29 U.S.C. § 206; 29 U.S.C. § 213; or any other section of law.

185.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Server, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2014, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

186.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Front of House Shift Lead, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2014, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

187.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Back of House Shift Lead, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2014, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

188.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Certified Trainer, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2014, Plaintiff has

been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

189.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Server, at least the Federal minimum wage rate for a number of hours  worked at $7.25 per hour worked in the calendar year 2015, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

190.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Server, at least the Federal minimum wage rate for a number of hours  worked at $7.25 per hour worked in the calendar year 2015, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

191.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Front of House Shift Lead, at least the Federal minimum wage rate for a number of hours  worked at $7.25 per hour worked in the calendar year 2015, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

192.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Back of House Shift Lead, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2015, Plaintiff has been injured in the amount as and for back pay (without any consideration of

collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

193.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Certified Trainer, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2015, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

194.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Server, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2016, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

195.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Front of House Shift Lead, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2016, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

196.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Back of House Shift Lead, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2016, Plaintiff has been injured in the amount as and for back pay (without any consideration of

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007582

Case: 2:17-cv-00812-ALM-EPD Doc #: 1-5 Filed: 09/20/17 Page: 41 of 80 PAGEID #: 249

collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

197.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Certified Trainer, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2016, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

198.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Server, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2017, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

199.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Front of House Shift Lead, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2017, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

200.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Back of House Shift Lead, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2017, Plaintiff has been injured in the amount as and for back pay (without any consideration of

0D771 - K30
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007532
Case: 2:17-cv-00824-ALM-EPD Doc #: 1 Filed: 09/26/17 Page: 42 of 80 PAGEID #: 50

collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

201. Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Certified Trainer, at least the Federal minimum wage rate for a number of hours worked at $7.25 per hour worked in the calendar year 2017, Plaintiff has been injured in the amount as and for back pay (without any consideration of collateral sources) as a result of unpaid wages and an additional amount as and for liquidated damages.

## SECOND CLAIM FOR RELIEF

### *(Non-Payment of Wages under Ohio Law)*

202. Plaintiff realleges paragraphs 1 through 201 of her complaint as though fully rewritten herein.

203. Under R.C. Chapter 4111 and Article 2, Section 34a of Ohio's Constitution, Defendants Abuelo's, Food Concepts, and Kitchen were obligated to pay Plaintiff the minimum rate of wages for any work they suffered, permitted, or required Plaintiff to perform, and Defendants Abuelo's, Food Concepts, and Kitchen were obligated to comply with the remainder of the law, including record-keeping requirements.

204. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of R.C. Chapter 4111 and Article 2, Section 34a of Ohio's Constitution by suffering or permitting Plaintiff to work as a Server, Front of House Shift Lead, Back of House Shift Lead, and Certified Trainer for $0.00 per hour, which is less than the applicable Ohio minimum wage rate of $7.95 per hour in the calendar year 2014, $8.10 per hour in the calendar year 2015, $8.10 per hour in the calendar year 2016, and $8.15 per hour in the calendar year 2017.

205. Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to pay Plaintiff for all hours worked. Defendants were aware Plaintiff worked these hours but Defendants still refused to pay Plaintiff.

206. From July 21, 2013 through present, when Plaintiff worked "off the clock", the Defendants knew about, accepted the benefits of, but failed and/or refused to provide Plaintiff proper compensation.

207. Defendants Abuelo's, Food Concepts, and Kitchen do not qualify for an exemption from paying minimum wages to Plaintiff under R.C. Chapter 4111; Article 2, Section 34a of Ohio's Constitution; or any other section of the law.

208. From July 21, 2013 through present, Plaintiff worked a portion of Plaintiff's hours in the capacity of a non-tipped employee.

209. From July 21, 2013 through present, Defendants were required to pay Plaintiff the full minimum wage for all hours worked in a non-tipped capacity.

210. Plaintiff is entitled to recovery of the full minimum wage for the periods Plaintiff worked in a non-tipped occupation.

211. From July 21, 2013 through present, Plaintiff worked "off the clock" and is entitled to full compensation for the workweeks wherein Plaintiff worked more than forty hours and was not properly compensated, pursuant to O.R.C. 4111.03, for the overtime hours Plaintiff worked.

212. From July 21, 2013 through present, Defendants willfully violated the Ohio Minimun Fair Wage Standards Act by failing to maintain complete and accurate records as required by law – O.R.C. 4111.08 - ("shall make and keep for a period of not less than three years following the last date the employee was employed").

213. Defendants must retain Plaintiff's work records as required by 34(a), the FLSA, and O.R.C. 4111.08 until three years after Plaintiff separates from employment with Defendant.

214. Defendants' partial responses to Plaintiff's request for Plaintiff's records under 34(a) and 4111.08 indicates that Defendants' records lack the proper specificity and accuracy to properly detail Plaintiff's work occupation, when Plaintiff performed duties related to Plaintiff's tipped occupation, and when Plaintiff worked in a non-tipped occupation.

215. Plaintiff, through Plaintiff's counsel, made a written request for Plaintiff's work records pursuant to O.R.C. 4111.08 and 34(a); to date, Defendants have not provided any of Plaintiff's work records.

216. Plaintiff has incurred costs and expenses as well as attorney's fees in Plaintiff's attempt to recover Plaintiff's unpaid and underpaid wages as well as recovery of wrongfully confiscated tips and monies.

217. Pursuant to the O.R.C. 4111.13 and 4111.14, Plaintiff should receive appropriate monetary, declaratory, and injunctive relief based on Defendants' willful failure to comply with the mandates of the OMFWSA – to include appropriate compensation, reasonable attorneys' fees and costs, damages plus the two times damages provision.

218. The OMFWSA is applicable to Plaintiff's claims; Plaintiff should receive any and all relief available under O.R.C. 4111.13, 4111.14, and 4111.99.

219. Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff worked as a Server, Front of House Shift Lead, and Back of House Shift Lead, Certified Trainer at least the minimum rate of wages for a number of hours worked at $0.00

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007582

per hour worked for the calendar year 2014, a number of hours worked at $0.00 per hour

worked for calendar year 2015, a number of hours worked at $0.00 per hour worked for

calendar year 2016, and a number of hours worked at $0.00 per hour worked for the calendar

year 2017, Plaintiff has been injured in an amount for 2014, 2015, 2016, and 2017 as and for

back pay (without any consideration of collateral sources) and an additional amount in the

calendar 2014, 2015, 2016, and 2017 as and for mandatory treble damages.

### THIRD CLAIM FOR RELIEF

*(R.C. 4113.15 Violations)*

220.     Plaintiff realleges paragraphs 1 through 219 of her complain as though fully rewritten

herein.

221.     Defendants failed to pay Plaintiff weekly, agreed upon wages in the amount of $7.95 per

hour for a number of hours worked in the calendar year 2014, $8.10 per hour for a number of

hours worked in the calendar year 2015, $8.10 per hour worked for a number of hours

worked in the calendar year 2016, and $8.15 per hour for a number of hours worked in the

calendar year 2017 – within the statutory time period under O.R.C. 4113.15(A).

222.     Defendants failed to pay overtime to Plaintiff for weekly, agreed upon wages in the

amount of $11.93 per hour for a number of hours of work in the calendar year 2014, $12.15

per hour for a number of hours worked in the calendar year 2015, $12.15 per hour for a

number of hours worked in the calendar year 2016, and $12.23 per hour for a number of

hours of work in the calendar year 2017 – within the statutory time period under O.R.C.

4113.15(A).

0D771 - K34
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007532
Case: 2:17-cv-00824-ALM-EPD Doc #: 1 Filed: 09/26/17 Page: 46 of 80 PAGEID #: 54

223. Defendants failed to pay by underpaying Plaintiff weekly prevailing wages as a Server in an amount within the calendar years 2014, 2015, 2016, and 2017 within the statutory time period under R.C. 4113.14(A).

224. Defendants failed to pay by underpaying Plaintiff weekly prevailing wages as a Front of House Shift Lead in an amount within the calendar years 2014, 2015, 2016, and 2017 within the statutory time period under R.C. 4113.14(A).

225. Defendants failed to pay by underpaying Plaintiff weekly prevailing wages as a Back of House Shift Lead in an amount within the calendar years 2014, 2015, 2016, and 2017 within the statutory time period under R.C. 4113.14(A).

226. Defendants failed to pay by underpaying Plaintiff weekly prevailing wages as a Certified Trainer in an amount within the calendar years 2014, 2015, 2016, and 2017 within the statutory time period under R.C. 4113.14(A).

227. Defendants failed to pay by not paying Plaintiff weekly prevailing wages as a Server an amount within the calendar year 2014, 2015, 2016, and 2017 within the statutory time period under R.C. 4113.14(A).

228. Defendants failed to pay by not paying Plaintiff weekly prevailing wages as a Front of House Shift Lead an amount within the calendar year 2014, 2015, 2016, and 2017 within the statutory time period under R.C. 4113.14(A).

229. Defendants failed to pay by not paying Plaintiff weekly prevailing wages as a Back of House Shift Lead an amount within the calendar year 2014, 2015, 2016, and 2017 within the statutory time period under R.C. 4113.14(A).

230.     Defendants failed to pay by not paying Plaintiff weekly prevailing wages as a Certified
Trainer an amount within the calendar year 2014, 2015, 2016, and 2017 within the statutory
time period under R.C. 4113.14(A).

231.     Defendants failed to pay Plaintiff weekly overtime wages during the calendar year 2014,
2015, 2016, and 2017 as a Server within the statutory time period under R.C. 4113.14(A).

232.     Defendants failed to pay Plaintiff weekly overtime wages during the calendar year 2014,
2015, 2016, and 2017 as a Front of House Shift Lead within the statutory time period under
R.C. 4113.14(A).

233.     Defendants failed to pay Plaintiff weekly overtime wages during the calendar year 2014,
2015, 2016, and 2017 as a Back of House Shift Lead within the statutory time period under
R.C. 4113.14(A).

234.     To date, Defendants have failed to pay all wages due and owing Plaintiff, and there is no
dispute that Plaintiff  is owed these wages.

235.     Because Defendants failed to pay Plaintiff prevailing wages in connection with Plaintiff's
employment as a Server at Abuelo's Store 621 within the time period specified under R.C.
4113.15(A), Plaintiff seeks prevailing wages that remain unpaid plus liquidated damages in
the amount of 6% in the calendar years 2014, 2015, 2016, and 2017 of unpaid wages.

236.     Because Defendants failed to pay Plaintiff prevailing wages in connection with Plaintiff's
employment as a Front of House Shift Lead at Abuelo's Store 621 within the time period
specified under R.C. 4113.15(A), Plaintiff seeks prevailing wages that remain unpaid plus
liquidated damages in the amount of 6% in the calendar years 2014, 2015, 2016, and 2017 of
unpaid wages.

Case: 2:17-cv-00824-ALM-EPD Doc #: 1-5 Filed: 09/18/17 Page 48 of 80 PAGEID #: 56

237.    Because Defendants failed to pay Plaintiff prevailing wages in connection with Plaintiff's employment as a Back of House Shift at Abuelo's Store 621 within the time period specified under R.C. 4113.15(A), Plaintiff seeks prevailing wages that remain unpaid plus liquidated damages in the amount of 6% in the calendar years 2014, 2015, 2016, and 2017 of unpaid wages.

238.    Because Defendants failed to pay Plaintiff prevailing wages in connection with Plaintiff's employment as a Certified Trainer at Abuelo's Store 621 within the time period specified under R.C. 4113.15(A), Plaintiff seeks prevailing wages that remain unpaid plus liquidated damages in the amount of 6% in the calendar years 2014, 2015, 2016, and 2017 of unpaid wages.

239.    Because Defendants failed to pay Plaintiff prevailing wages in connection with Plaintiff's employment as a Server at Abuelo's Store 621 within the time period specified under R.C. 4113.15(A), Plaintiff seeks prevailing wages that remain underpaid plus liquidated damages in the amount of 6% in the calendar years 2014, 2015, 2016, and 2017 of underpaid wages.

240.    Because Defendants failed to pay Plaintiff prevailing wages in connection with Plaintiff's employment as a Front of House Shift Lead at Abuelo's Store 621 within the time period specified under R.C. 4113.15(A), Plaintiff seeks prevailing wages that remain underpaid plus liquidated damages in the amount of 6% in the calendar years 2014, 2015, 2016, and 2017 of underpaid wages.

241.    Because Defendants failed to pay Plaintiff prevailing wages in connection with Plaintiff's employment as a Back of House Shift Lead at Abuelo's Store 621 within the time period specified under R.C. 4113.15(A), Plaintiff seeks prevailing wages that remain underpaid plus

liquidated damages in the amount of 6% in the calendar years 2014, 2015, 2016, and 2017 of underpaid wages.

242.    Because Defendants failed to pay Plaintiff prevailing wages in connection with Plaintiff's employment as a Certified Trainer at Abuelo's Store 621 within the time period specified under R.C. 4113.15(A), Plaintiff seeks prevailing wages that remain underpaid plus liquidated damages in the amount of 6% in the calendar years 2014, 2015, 2016, and 2017 of underpaid wages.

243.    Because Defendants failed to pay Plaintiff  overtime wages within the time period specified under R.C. 4113.15(A), Plaintiff seeks overtime wages that remain unpaid plus liquidated damages in an amount or 6% interest of the unpaid wages in the calendar year 2014, 2015, 2016, and 2017, whichever is greater.

244.    Because Defendants failed to pay Plaintiff  unpaid regular wages within the time period specified under R.C. 4113.15(A), Plaintiff seeks unpaid regular wages that remain unpaid plus liquidated damages in an amount or 6% interest of the unpaid wages in the calendar year 2014, 2015, 2016, and 2017, or 6% of the unpaid wages whichever is greater.

245.    Because Defendants failed to pay Plaintiff  underpaid regular wages within the time period specified under R.C. 4113.15(A), Plaintiff seeks underpaid regular wages that remain underpaid plus liquidated damages in an amount or 6% interest of the underpaid wages in the calendar year 2014, 2015, 2016, and 2017, or 6% interest of the underpaid wages, whichever is greater.

## FOURTH CLAIM FOR RELIEF

*(Non-Payment of Overtime Wages under the FLSA)*

246.    Plaintiff realleges paragraphs 1 through 245 of her complaint as though fully rewritten herein.

247.    Pursuant to 29 U.S.C. § 207, Defendants were obligated to pay Plaintiff 1.5 time Plaintiff's regular rate of pay for any work they suffered, permitted, or required Plaintiff to perform after 40 hours in one workweek, Defendants were obligated to comply with the remainder of the law, including record-keeping requirements.

248.    From July 21, 2013 through present, Defendants knowingly failed to comply with the requirements of 29 U.S.C. § 207 by suffering or permitting Plaintiff to work hours after 40 in one workweek without receiving 1.5 times Plaintiff's regular rate of pay for that workweek.

249.    From July 21, 2013 through present, Plaintiff worked more than forty hours in certain workweeks and was not properly compensated for the overtime hours Plaintiff worked.

250.    Defendants were aware Plaintiff worked these hours after 40, but still refused to pay Plaintiff.

251.    Defendants do not qualify for an exemption from paying 1.5 times the regular rate of pay to Plaintiff for hours Plaintiff worked after 40 in one workweek under 29 U.S.C. § 207; 29 U.S.C. § 213; or any other section of the law.

252.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Server, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour during calendar year 2014, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

253.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Front of House Shift Lead, at least the Federal minimum

wage rate for overtime for a number of hours worked at $0.00 per hour during calendar year 2014, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

254.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Back of House Shift Lead, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour during calendar year 2014, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

255.   On information and belief, because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Certified Trainer, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour during calendar year 2014, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

256.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Server, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year 2015, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

257.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Front of House Shift Lead, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year 2015, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

258.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Back of House Shift Lead, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year 2015, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

259.   On information and belief, because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Certified Trainer, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year 2015, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

260.     Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Server, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year 2016, Plaintiff has been injured in an amount as and for back pay (without any

consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

261. Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Front of House Shift Lead, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year 2016, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

262. Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Back of House Shift Lead, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year 2016, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

263. On information and belief, because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Certified Trainer, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year 2016, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

264. Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Server, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year

2017, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

265. Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Front of House Shift Lead, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year 2017, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

266. Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Back of House Shift Lead, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year 2017, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

267. On information and belief, because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff was working as a Certified Trainer, at least the Federal minimum wage rate for overtime for a number of hours worked at $0.00 per hour worked in the calendar year 2017, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of the non-payment and an additional amount as and for liquidated damages.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007532

## FIFTH CLAIM FOR RELIEF

*(Non-Payment of Overtime Wages under OMFWSA)*

268.    Plaintiff realleges paragraphs 1 through 267 of her complaint as though fully rewritten

herein.

269.    From July 21, 2013 through present, Defendants have failed to pay Plaintiff at least 1.5

times Plaintiff's normal hourly rate per hour worked over forty in a workweek; Defendants

have violated the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Sec. 4111 *et*

*seq.*

270.    From July 21, 2013 through present, Plaintiff worked more than forty hours in certain

workweeks and was not properly compensated for the overtime hours Plaintiff worked.

271.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff at

least 1.5 times Plaintiff's normal hourly rate per hour worked over forty in a workweek

wages for a number of hours worked in the calendar year 2014 at $11.93 per hour worked, a

number of hours worked in the calendar year 2015 at $12.15 per hour worked, a number of

hours worked in the calendar year 2016 at $12.15 per hour worked, and a number of hours

worked in the calendar year 2017 at $12.23 per hour worked. Plaintiff has been injured in an

amount in calendar year 2014, 2015, 2016, and 2017 as and for back pay (without any

consideration of collateral sources) and an additional amount for calendar year 2014, 2015,

2016, and 2017 as and for mandatory treble damages.

## SIXTH CLAIM FOR RELIEF

*(Under-Payment of Wages Under FSLA)*

272.    Plaintiff realleges paragraphs 1 through 271 of her complaint as though fully rewritten

herein.

273.     Under 29 U.S.C. § 206, Abuelo's, Food Concepts, and Kitchen were obligated to pay Plaintiff the minimum rate of wages for any work they suffered, permitted, or required Plaintiff to perform, and Abuelo's, Food Concepts, and Kitchen were obligated to comply with the remainder of the law, including record-keeping requirements.

274.     From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff to work for $3.98 per hour during calendar year 2014, which is less than the applicable federal minimum wage rate of $7.25 per hour.

275.     From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff to work for $4.05 per hour during calendar years 2015 and 2016, which is less than the applicable federal minimum wage rate of $7.25 per hour.

276.     From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff to work for $4.08 per hour during calendar year 2017, which is less than the applicable federal minimum wage rate of $7.25 per hour

277.     Defendants Abuelo's, Food Concepts, and Kitchen knowingly under-paid Plaintiff for all hours worked during calendar years 2014, 2015, 2016, and 2017.  Defendants Abuelo's, Food Concepts, and Kitchen were aware Plaintiff worked these hours, but still under-paid Plaintiff.

278. Defendants Abuelo's, Food Concepts, and Kitchen do not qualify for an exemption from paying minimum wages to Plaintiff under 29 U.S.C. § 206; 29 U.S.C. § 213; or any other section of law.

279. Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff at least the minimum rate of wages for a number of hours worked in the calendar year 2014 at a rate per hour less than minimum wage, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) and an additional amount as and for liquidated damages.

280. Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff at least the minimum rate of wages for a number of hours worked in the calendar year 2015 and 2016 at a per hour less than minimum wage, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) and an additional amount as and for liquidated damages.

281. Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff at least the minimum rate of wages for a number of hours worked in the calendar year 2017 at a per hour less than minimum wage, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) and an additional amount as and for liquidated damages.

282. Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working in a non-tipped occupation, at least the Federal minimum wage rate for a number of hours worked at $3.98 per hour worked in the calendar year 2014, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for liquidated damages.

283.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working in a non-tipped occupation, at least the Federal minimum wage rate for a number of hours worked at $4.05 per hour worked in the calendar years 2015 and 2016, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for liquidated damages.

284.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working in a non-tipped occupation, at least the Federal minimum wage rate for a number of hours worked at $4.08 per hour worked in the calendar year 2017, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for liquidated damages.

### SEVENTH CLAIM FOR RELIEF
*(Under-Payment of Wages Under OMFWSA)*

285.   Plaintiff realleges paragraphs 1 through 284 of her complaint as though fully rewritten herein.

286.   Under O.R.C. 4111 *et seq.*, Abuelo's, Food Concepts, and Kitchen were obligated to pay Plaintiff the minimum rate of wages for any work they suffered, permitted, or required Plaintiff to perform, and Abuelo's, Food Concepts, and Kitchen were obligated to comply with the remainder of the law, including record-keeping requirements.

287.   Defendants Abuelo's, Food Concepts, and Kitchen knowingly under-paid Plaintiff for all hours worked during calendar years 2014 through 2017.   Defendants Abuelo's, Food Concepts, and Kitchen were aware Plaintiff worked these hours, but still under-paid Plaintiff.

288.   Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Server in a non-tipped occupation, at least the State minimum

wage rate for a number of hours worked at $7.95 per hour worked in the calendar year 2014, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for treble damages.

289.  Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Front of House Shift Lead in a non-tipped occupation, at least the State minimum wage rate for a number of hours worked at $7.95 per hour worked in the calendar year 2014, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for treble damages.

290.  Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Back of House Shift Lead in a non-tipped occupation, at least the State minimum wage rate for a number of hours worked at $7.95 per hour worked in the calendar year 2014, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for treble damages.

291.  Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Certified Trainer in a non-tipped occupation, at least the State minimum wage rate for a number of hours worked at $7.95 per hour worked in the calendar year 2014, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for treble damages.

292.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Server in a non-tipped occupation, at least the State minimum wage rate for a number of hours worked at $8.10 per hour worked in the calendar year 2015 and 2016, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for treble damages.

293.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Front of House Shift Lead in a non-tipped occupation, at least the State minimum wage rate for a number of hours worked at $8.10 per hour worked in the calendar year 2015 and 2016, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for treble damages.

294.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Back of House Shift Lead in a non-tipped occupation, at least the State minimum wage rate for a number of hours worked at $8.10 per hour worked in the calendar year 2015 and 2016, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for treble damages.

295.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Certified Trainer in a non-tipped occupation, at least the State minimum wage rate for a number of hours worked at $8.10 per hour worked in the calendar year 2015 and 2016, Plaintiff has been injured in an amount as and for back pay (without any

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007582

Case: 2:17-cv-00824-ALM-EPD Doc #: 1 Filed: 09/18/17 Page: 61 of 80 PAGEID #: 69

consideration of collateral sources) as a result of underpayment and an additional amount as and for treble damages.

296.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Server in a non-tipped occupation, at least the State minimum wage rate for a number of hours worked at $8.15 per hour worked in the calendar year 2017, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for treble damages.

297.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Front of House Shift Lead in a non-tipped occupation, at least the State minimum wage rate for a number of hours worked at $8.15 per hour worked in the calendar year 2017, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for treble damages.

298.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Back of House Shift Lead in a non-tipped occupation, at least the State minimum wage rate for a number of hours worked at $8.15 per hour worked in the calendar year 2017, Plaintiff has been injured in an amount as and for back pay (without any consideration of collateral sources) as a result of underpayment and an additional amount as and for treble damages.

299.    Because Defendants Abuelo's, Food Concepts, and Kitchen have failed to pay Plaintiff, while Plaintiff working as a Certified Trainer in a non-tipped occupation, at least the State minimum wage rate for a number of hours worked at $8.15 per hour

worked in the calendar year 2017, Plaintiff has been injured in an amount as and for back

pay (without any consideration of collateral sources) as a result of underpayment and an

additional amount as and for treble damage

### EIGHTH CLAIM FOR RELIEF
*(Repayment of Confiscated Monies and/or Illegal Contribution Requirements to an Illegal*
*Tip Pool Sharing Arrangement in Violation of the FLSA and OMFWSA)*

300.    Plaintiff realleges paragraphs 1 through 299 of her complaint as though fully rewritten

herein.

301.    Because Plaintiff regularly spent more than 20 percent of Plaintiff's per shift time

performing duties incidental/related and unrelated to Plaintiff's tipped occupation, by

definition, Plaintiff was a "dual job" employee under 29 C.F.R. § 531.56(e).

302.    Because Plaintiff regularly spent more than 20 percent of Plaintiff's workweek

performing duties incidental/related and unrelated to Plaintiff's tipped occupation, by

definition, Plaintiff was a "dual job" employee under 29 C.F.R. § 531.56(e).

303.    As a "dual job" employee, Plaintiff worked a portion of Plaintiff's shift time in a

"tipped occupation" and a portion of Plaintiff's shift time in a "non-tipped occupation".

304.     As a "dual job" employee, Plaintiff worked a portion of Plaintiff's workweek time in

a "tipped occupation" and a portion of Plaintiff's workweek time in a "non-tipped

occupation".

305.    For the hours Plaintiff worked in a "non-tipped occupation", the Defendants must

provide Plaintiff with compensation of at least minimum wage and Defendants Abuelo's,

Food Concepts, and Kitchen are not allowed to take tip credit for the these non-tipped

occupation hours worked by Plaintiff.

0D771 - K51
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007582
Case: 2:17-cv-00824-ALM-EPD Doc #: 1 Filed: 09/18/17 Page: 63 of 80 PAGEID #: 71

306.   Defendants took tip credit against the minimum wage even though Defendants failed to advise Plaintiff in advance that Defendants were going to take tip credit against Plaintiff's minimum wage.

307.   Defendants Abuelo's, Food Concepts, and Kitchen took tip credit on hours worked by the Plaintiff in a "non-tipped occupation" in violation of both State and Federal law.

308.   Defendants Abuelo's, Food Concepts, and Kitchen took tip credit for hours worked by Plaintiff and the tip credit taken exceeded that which is allowed by law; specifically, Defendant Abuelo's, Food Concepts, and Kitchen took tip credit of $3.81 for the calendar year 2014, $3.96 for the calendar years 2015 and 2016, and $4.01 for the calendar year 2017.

309.   Defendants Abuelo's, Food Concepts, and Kitchen confiscated monies and/or tips from Plaintiff for Defendants' benefit and to contribute to Defendants' unlawful mandatory tip pool sharing arrangement for all hours worked by Plaintiff in an amount equal to 3 percent of Plaintiff's sales for the shift in question regardless of occupation status – "tipped occupation" or "non-tipped occupation."

310.   Defendants also had a contractual duty "to keep proper records of wages, hours and other conditions and practices of employment and who is in the position to know and to produce the most probative facts concerning the nature and amount of work performed" (29 U.S.C. §211(c)) as well as having the obligation to maintain accurate records.

311.   Defendants Abuelo's, Food Concepts, and Kitchen cannot penalize Plaintiff for Defendants Abuelo's, Food Concept's, and Kitchen inability "to prove the precise extent of uncompensated work."

312. Based upon Defendants Abuelo's, Food Concepts, and Kitchen production of Plaintiff's employee records, Defendants Abuelo's, Food Concepts, and Kitchen records are inaccurate and lack the proper detail to determine when Plaintiff worked in certain job occupations – the proper records of wages, hours and other conditions and practices of employment and who is in the position to know and to produce the most probative facts concerning the nature and amount of work performed.

313. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen knowingly and willfully violated 29 U.S.C. § 211(c) by failing to keep proper records of wages, hours and other conditions and practices of employment and who is in the position to produce the most probative facts concerning the nature and amount of work performed.

314. From July 21, 2013 through present, Plaintiff worked in a dual job capacity and Defendants Abuelo's, Food Concepts, and Kitchen have produced no records (and, upon information and belief, have no records) establishing when Plaintiff worked in a tipped occupation, when Plaintiff performed duties incidental/related to a "tipped occupation", and when Plaintiff worked in a "non-tipped occupation."

315. As a Server, Defendants Abuelo's, Food Concepts, and Kitchen required Plaintiff to perform the duties of a "tipped employee".[1]

316. As a Server, Defendants Abuelo's, Food Concepts, and Kitchen required Plaintiff to perform the duties of a "non-tipped employee".

317. As a Front of House Shift Lead, Defendants Abuelo's, Food Concepts, and Kitchen required Plaintiff to perform the duties of a "tipped employee".

---

[1] Tipped Employee is any employee engaged in an occupation in which she/he customarily and regularly receives more than $30 a month in tips.

318.   As a Front of House Shift Lead, Defendants Abuelo's, Food Concepts, and Kitchen required Plaintiff to perform the duties of a "non-tipped employee".

319.   As a Back of House Shift Lead, Defendants Abuelo's, Food Concepts, and Kitchen required Plaintiff to perform the duties of a "tipped employee".

320.   As a Back of House Shift Lead, Defendants Abuelo's, Food Concepts, and Kitchen required Plaintiff to perform the duties of a "non-tipped employee".

321.   As a Front of House Shift Lead, Defendants Abuelo's, Food Concepts, and Kitchen required Plaintiff to perform the duties of a "tipped employee".

322.   As a Certified Trainer, Defendants Abuelo's, Food Concepts, and Kitchen required Plaintiff to perform the duties of a "non-tipped employee".

323.   Defendants Abuelo's, Food Concepts, and Kitchen took tip credit on Plaintiff and other employees hours worked even though the hour worked were not worked as a "tipped employee".

324.   Defendants Abuelo's, Food Concepts, and Kitchen failed to inform Plaintiff of the provisions of 29 U.S.C. §203(m) and failed to fully and properly inform Plaintiff of their intent to treat tips as satisfying part of the employers minimum wage obligation.

325.   Defendants Abuelo's, Food Concepts, and Kitchen failed to provide Plaintiff with fully, proper, and sufficient notice of their intent to take tip credit in advance of taking such tip credit against Plaitiff's wages.

326.   Defendants Abuelo's, Food Concepts, and Kithcen did not allow Plaintiff to retain all of Plaintiff's tips.

327.   Defendants Abuelo's, Food Concepts, and Kitchen failed to fully comply and satisfy all requirements of 29 U.S.C. §203(m).

328.    From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and

Kitchen routinely required Plaintiff to perform duties "related"[2] to a "tipped occupation"

which Plaintiff spent a substantial amount of time performing.

329.    From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and

Kitchen routinely required Plaintiff to perform duties "unrelated"[3] to a "tipped

occupation" – or a "non-tipped occupation" - which Plaintiff spent a substantial amount

of time performing.

330.    From July 21, 2013 through present, Plaintiff was required by Defendants Abuelo's,

Food Concepts, and Kitchen to spend, on average, no less than 20 percent of Plaintiff's

workweek time – a substantial amount - performing duties "related" and "unrelated" to

Plaintiff's "tipped occupation" or in a "non-tipped occupation".

331.    Because Plaintiff spent a substantial amount of time, from July 21, 2013 through

present, performing duties "related" and "unrelated" to a "tipped occupation", by

definition, Plaintiff worked in a dual job occupation; nevertheless, Defendants Abuelo's,

Food Concepts, and Kitchen paid Plaintiff a sub-minimum wage and took tip credit for

the all hours worked by Plaintiff while Plaintiff worked in a "non-tipped occupation".

332.    For at least 20 percent of Plaintiff's workweek, Plaintiff was, by definition, not a

"tipped employee" and should have been paid at the full minimum wage for that time

without Defendants Abuelo's, Food Concepts, and Kitchen taking tip credit.

333.    From July 21, 2013 through present, and while Plaintiff was working in "non-tipped

occupation", Defendants Abuelo's, Food Concepts, and Kitchen confiscated monies

---

[2] Related duties of a Server have been defined as "cleaning, setting tables, toasting bread, making coffee, and occasionally washing dishes or glasses." 29 C.F.R. § 531.56(e).

[3] Unrelated duties are routinely assigning an employee to maintenance or that tipped employee spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance. U.S. Dept. of Labor Field Operations Handbook Ch. 30d00(e) (Dec. 9, 1988).

and/or tips from Plaintiff so that Defendants could use the confiscated monies and/or tips to reduce Defendants overheads and expenses.

334.   From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen required Plaintiff to participate in an illegal mandatory tip pooling sharing arrangement operated by Defendants when Plaintiff was working in a "non-tipped occupation"; Plaintiff's participation in the Defendnats' illegal tip pool sharing arrangement renders the tip share pooling arrangement non-legal.

335.   From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen confiscated monies and/or tips from Plaintiff to be contributed to Defendants' non-legal tip pool sharing arrangement.

336.   The non-legal tip pool sharing arrangement operated by Defendants utilized monies and/or tips confiscated from Plaintiff as a "tip share" contribution into a tip pool sharing arrangement which included Server's Assistants and Shift Lead Servers who, by definition, worked in a dual job occupation – "tipped" and "non-tipped occupations".

337.   From July 21, 2013 through present, because many Server's Assistants and all the Shift Lead Servers were included in the Defendans' illegal tip pool sharing arrangement for their hours worked in their "non-tipped occupations", Defendants were unlawfully requiring Plaintiff to contribute monies and/or tip share into Defendants' non-lawful tip pool sharing arrangement in contravention of 29 C.F.R. § 531.59(b).

338.   From July 21, 2013 through present, because Defendants Abuelo's, Food Concepts, and Kitchen allowed the many Server's Assistants to participate in Defemdants' non-lawful mandatory tip pool sharing arrangement and paid the non-tipped employees a distribution from their illegal pool when they were working in a "non-tipped

0D771 - K56
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007582
Case: 2:17-cv-00822-ALM-EPD Doc #: 1-5 Filed: 09/26/17 Page 68 of 80 PAGEID #: 76

occupation", the Server's Assistants inclusion in Defendants' tip pool sharing
arrangement renders Defendants' tip pool sharing arrangement illlegal.

339.    The FLSA requires that an employer strictly comply with Section 203(m) and (t) of
the Act.

340.    As a requirement of FLSA Section 203(m), the Defendants Abuelo's, Food
Concepts, and Kitchen must have informed Plaintiff of the provisions of section 203(m)
prior to taking a tip credit for Plaintiff's "tipped occupation" and Defendants Abuelo's,
Food Concepts, and Kitchen must have allowed Plaintiff to retain all tips received by
Plaintiff except that Section 203(m) would have allowed for Plaintiff's participation in a
legal tip pool.

341.    From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and
Kitchen required Plaintiff to contribute to Defendants' non-legal tip pool sharing
arrangement in contravention of section 203(m), failed to inform Plaintiff of the
provisions of 203(m), and failed to strictly comply with Section 203(m).

342.    Defendants Abuelo's, Food Concepts, and Kitchen must pay Plaintiff full minimum
wage for all hours worked in a "non-tipped occupation" and Defendants Abuelo's, Food
Concepts, and Kitchen were not allowed to take a tip credit for hours worked in a "non-
tipped occupation".

343.    From July 21, 2013 through present, for all hours Plaintiff worked in a "non-tipped
occupation", Defendants Abuelo's, Food Concepts, and Kitchen must pay Plaintiff the
full minimum wage.

344.    Because Defendants Abuelo's, Food Concepts, and Kitchen required Plaintiff to
participate in a non-legal tip pool sharing arrangement from July 21, 2013 through present,

Defendants Abuelo's, Food Concepts, and Kitchen must also return all "tip share" contributions wrongfully confiscated from Plaintiff as contributions to Defendants Abuelo's, Food Concepts, and Kitchen's illegal tip pool sharing arrangement.

345. From July 21, 2013 through present, Defendants Abuelo's, Food Concepts, and Kitchen violated 29 C.F.R. § 531.40 which expressly prohibits the Defendants Abuelo's, Food Concepts, and Kitchen or any person acting in their behalf or interest, directly or indirectly, from deriving any profit or benefit from the transaction. Specifically, Defendants Abuelo's, Food Concepts, and Kitchen through their management agents confiscated monies and/or tips from Plaintiff and required Plaintiff to contribute "tip share" to the Defendnats' illegal but mandatory tip pool sharing arrangement.

346. The confiscated monies and/or tips Defendants confiscated from Plaintiff in the form of alleged "tip share" contributions at the end of each shift must be returned to Plaintiff. Defendants Abuelo's, Food Concepts, and Kitchen's agent failed to accurately record and maintain a record of the monies and/or tips Defendants wrongfully confiscated from Plaintiff as reflected in Defendnats' daily tip share report, comingled Plaintiff's tip share contribution with Defendants Abuelo's, Food Concepts, and Kitchen's daily business proceeds and deposited the confiscated tip share of Plaintiff into an interest bearing account in Defendants Abuelo's, Food Concepts, and Kitchen's name or allowing Defendants' agents to retain a portion of the confiscated monies and/or tips for their benefit.

347. Plaintiff's tip share contributions remained in the Defendants Abuelo's, Food Concepts, and Kitchen's interest bearing account until the end of the pay period at which time Defendants Abuelo's, Food Concepts, and Kitchen would redistribute a portion of

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007582

the confiscated monies and/or tips non-tipped employees who Defendants allowed to participate in Deefendants' illegal tip pool sharing arrangement an amount collected from the contributing Servers – to include Plaintiff.

348.    Given Abuelo's Easton Store 621's annual sales were upwards of $3,500,000, the three (3) percent in sales which Defendants Abuelo's, Food Concepts, and Kitchen confiscated from Plaintiff and Plaintiff's co-workers, on a per shift basis, Defendants Abuelo's, Food Concepts, and Kitchen comingled approximately $105,000 per year of Server confiscated monies and/or tips with Defendants' business proceeds.

349.    Defendants Abuelo's and Food Concept's witness Herring's deposition testimony that the Defendants Abuelo's and Food Concepts paid out what they took in from their Servers, Mr. Herring's testimony intimates that Defendants Abuelo's, Food Concepts, and Kitchen retained all interest earned on Plaintiff's and the other Servers' tip share contributions.

350.    Defendants Abuelo's, Food Concepts, and Kitchen admit to keeping the interest on the tip share contributions as well as acknowledging receiving benefit from the Servers' tip share contributions Defendants Abuelo's, Food Concepts, and Kitchen allegedly held in trust.

351.    Defendants Abuelo's, Food Concepts, and Kitchen's actions and omissions are in violation of 29 C.F.R. § 531.40 because Defendants Abuelo's, Food Concepts, and Kitchen received a direct or indirect benefit from the trustee fiduciary bank arrangement with Plaintiff.

352.    In the calendar years 2014, 2015, 2016, and 2017, Defendants confiscated a substantial portion of Plaintiff's monies and/or tips as "tip share." Plaintiff is entitled

recovery of all tip share confiscated by Defendants Abuelo's, Food Concepts, and Kitchen from Plaintiff as well as liquidated damages in an amount for Defendants' violations of the FSLA.

353.     In the calendar years 2014, 2015, 2016, and 2017, Defendants confiscated a substantial amount of Plaintiff's moines and/or tips from Plaintiff as "tip share." Plaintiff is entitled recovery of all monies and/or tips confiscated by Defendants Abuelo's, Food Concepts, and Kitchen as well as treble damages in an amount for their violations of OMFWSA and O.R.C. 4111.14.

**NINTH CLAIM FOR RELIEF**

*(Violation of Ohio Constitution Art. II §34a for Defendants Failure to Keep and Maintain Complete and Accurate Employee Records)*

354.     Plaintiff realleges paragraphs 1 through 353 of her complaint as though fully rewritten herein.

355.     Beginning on or about Plaintiff's hire date, Defendants were obligated by Ohio Constitution Article II §34a to provide an employee the employer's name, address, telephone number, and other contact information and update such information when it changes as well as maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed.

356.     Beginning on or about the Plaintiff's hire date and continuing until present, the Defendants failed to satisfy their obligation of maintaining the record of Plaintiff's occupation, Plaintiff's hours worked for each day worked, and the amount paid Plaintiff for a period of not less than three years following the last date the employee was employed.

357. As a result of Defendants' failure, Plaintiff is entitled to recover from Defendamts her costs and attorney's fees for the Defendants' violation of "any provision of section" 34a.

## TENTH CLAIM FOR RELIEF

*(Violations of 29 C.F.R. §516.1(a), 516.2(a)(4)-(10), 516.5(a) & (c), 516.6(a)-(c), 516.28(a)(1)-(5), 531.56(e))*

358. Plaintiff realleges paragraphs 1 through 357 of her complaint as though fully rewritten herein.

359. 29 C.F.R. §516.1(a) requires "every employer every employer subject to any provision of the Fair Labor Standards Act of 1938, is required to maintain records containing the information and data required by the specific sections of this section." Continuing, "*** are clear and identifiable by date or pay period and that extensions or transcriptions of the information required by this part are made available upon request."

360. 29 C.F.R. §516.2(a)(4)-(10) requires "[e]very employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply."

361. 29 C.F.R. §516.5(a) & (c) requires "[e]ach employer shall preserve for at least 3 years: (a) Payroll records. From the last date of entry, all payroll or other records containing the employee information and data required under any of the applicable section of this part, and *** (c) Sales and purchase records. A record of (1) total dollar volume of sales or business, and (2) total volume of goods purchased or received during such periods, ****, in such form as the employer maintains records in the ordinary course of business."

362. 29 C.F.R. §516.6(a)-(c) requires "(a) Supplementary basic records: Each employer required to maintain records under this part shall preserve for a period of at least 2 years. (1) Basic employment and earnings records. From the date of last entry, all basic and

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007532

earnings records or sheets on which are entered the daily starting and stopping time of individual employees, *** or the amounts of work accomplished by individual employees on a daily, weekly, or pay period basis (for example, units produced) when those amounts determine in whole or in part the pay period earnings or wages of those employees. *** (b) Order, shipping, and billing records: From the last date of entry, the originals or true copies of all customer orders or invoices received, *** as well as *** and all billings to customers (not including individual sales slips, cash register tapes or the like) which the employer retains or makes in the usual course of business operations. (c) Records of additions to or deductions from wages paid: (1) Those records relating to individual employees referred to in §516.2(a)(10) ***."

363.     29 C.F.R. §516.28(a)(1)-(5) requires "With respect to each tipped employee whose wages are determined pursuant to section 3(m) of the Act, the employer shall maintain and preserve payroll or other records containing all the information and data required in §516(a) and, in addition, the following: (1) A symbol letter or other notation placed on the pay records identifying each employee whose wage is determined in part by tips. (2) Weekly or monthly amount reported by the employee, to the employer, of tips received (this may consist of reports made by the employees to the employer on IRS Form 4070). (3) Amount by which the wages of each tipped employee have been deemed to be increased by tips as determined by the employer (not in excess of the difference between $2.13 and the applicable minimum wage specified in section 6(a)(1) of the Act.) The amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week. (4) Hours worked each workday in any occupation in which the employee does not receive tips, and total daily or weekly straight-time payment made by the employer for such

0D771 - K62
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 21 5:57 PM-17CV007582
Case: 2:17-cv-00824-ALM-EPD Doc #: 1 Filed: 09/18/17 Page: 74 of 80 PAGEID #: 82

hours. (5) Hours worked each workday in occupations in which the employee receives tips, and total daily or weekly straight-time earnings for such hours."

364.     29 C.F.R. §531.56(e) requires that the records maintained by Defendants contain sufficient detail so that an employee, like Plaintiff, who works two jobs, one in which her work customarily and regularly produces tips and one in which it does not, may readily establish the hours worked in the tipped occupation and the hours worked in the non-tipped occupation because the employee must be considered to be employed in two occupations, such that the tip credit may not be taken for hours of employment worked in the occupation not subject to tips."

365.     Upon information and belief, Defendants record keeping practices as they relate to Plaintiff's employee records violate 29 C.F.R. §516.1(a), 516.2(a)(4)-(10), 516.5(a) & (c), 516.6(a)-(c), 516.28(a)(1)-(5), 531.56(e)).

366.     Upon information and belief, Defendants failed to maintain the records containing the information and data required by 29 C.F.R. §516.1(a).

367.     Upon information and belief, Defendants failed to maintain the records containing the information and data required by 29 C.F.R. §516.2(a)(4)-(10).

368.     Upon information and belief, Defendants failed to maintain the records containing the information and data required by 29 C.F.R. §516.5(a) & (c).

369.     Upon information and belief, Defendants failed to maintain the records containing the information and data required by 29 C.F.R. §516.6(a)-(c).

370.     Upon information and belief, Defendants failed to maintain the records containing the information and data required by 29 C.F.R. §516.28(a)(1)-(5).

371.     Upon information and belief, Defendants failed to maintain the records containing the information and data required by 29 C.F.R. §516.56(e).

372.      As a result of Defendants failures, Defendants were not entitled to take tip credit pursuant to 29 C.F.R. §531.59, the Defendants were not allowed to require Plaintiff to participate in a tip pool sharing arrangement, and Plaintiff is entitled to an award of damages to include costs and attorney's fees for bringing this action.

## ELEVENTH CLAIM FOR RELIEF

*(Defendants Failed to Properly Advise Plaintiff of All Conditions Required by 29 C.F.R.*
*§531.51 and 531.59)*

373.      Plaintiff realleges paragraphs 1 through 372 of her complaint as though fully rewritten herein.

374.      29 C.F.R. §531.51 provides that an employer may take wage credit permitted on account of tips under [29 U.S.C. 203(m)] may be taken only with respect to wage payments under the Act to those employees whose occupations in the workweeks for which such payments are made are those of "tipped employees" as defined in [29 U.S.C. 203(t)]. b) Under [29 U.S.C. 203(t)], the occupation of the employee must be one "in which he customarily and regularly receives more than $30 a month in tips." c) To determine whether a tip credit may be taken in paying wages to a particular employee it is necessary to know: (1) what payments constitute "tips"; (2) whether the employees receives "more than $30 a month" in such payments in the occupation in which he is engaged; and whether in such occupation he receives these payments in such amount "customarily and regularly."

375.      29 C.F.R. §531.59(a) requires that the employer may only take tip credit "provided that the employer satisfies all the requirements of 29 U.S.C. 203(m).

376.      29 C.F.R. §531.59(b) requires that the tip credit may be taken only for hours worked by the employee in an occupation in which the employees qualifies as a "tipped employee." Pursuant to 29 U.S.C. §203(m), an employer is not eligible to take tip credit unless it

has informed its tipped employees in advance of the employer's use of the tip credit of the

provisions of section 29 U.S.C. §203(m) of the Act, i.e. the amount of the cash wage that is to be

apid to the tipped employee by the employer; the additional amount by which the wages of the

tipped employee are increased on account of the tip credit claimed by the employer, which

amount may not exceed the value of the tips actually received by the employee, that all tips

received by the tipped employee must be retained by the employee except for a valid tip pooling

arrangement limited to employees who customarily and regularly receive tips; and that the tip

credit shall not apply to anby employee who has not been informed of these requirements in this

section. *** With the exception of tips contributed to a valid tip pool as described in 29 C.F.R.

§531.54, the tip crdit provisions of section 29 U.S.C. §203(m) also require employers to permit

employees to retain all tips received by the employee.

377.     Plaintiff primarily worked the job known as a Front of House Shift Lead or as a

Back of House Shift Lead.

378.     The Front of House Shift Lead job requires the Plaintiff to spend more than 20

percent of her time engagned in a non-tipped occupation.

379.     The Back of House Shift Lead job requires the Plaintiff to spend more than 20

percent of her time engaged in a non-tipped occupation.

380.     Upon information and belief, the employee work records maintained by

Defendants do not evidence the shifts during which Plaintiff worked as a Front of House Shift

Lead.

381.     Upon information and belief, the employee work records maintained by

Defendants do not evidence the shfits during which Plaintiff worked as a Back of House Shift

Lead.

382.     Defendants failed to fully advise Plaintiff, pursuant to 29 C.F.R. §531.59, and therefore, were not entitled to avail themselves of the tip credit.

383.     During the shifts which Plaintiff worked as either a Front of House Shift Lead or Back of House Shift Lead, jobs which are non-tipped occupations, Defendants, in violation of 29 C.F.R. §531.51 and 29 C.F.R. §531.59, still availed themselves of the tip credit.

384.     During the shifts which Plaintiff worked as either a Front of House Shift Lead or Back of House Shift Lead, jobs which are non-tipped occupations, Defendants, in violation of 29 C.F.R. §531.59, required Plaintiff to participate in a non-valid tip pool in contravention of 29 C.F.R. §531.54.

385.     As result of Defendants failure to comply with 29 C.F.R. §531.51, §531.54, and §531.59, Defendants were not allowed to avail themselves of the tip credit or to require Plaintiff to participate in an invalid tip pool.

386.     As a result of Defendants failure to comply with 29 C.F.R. §531.51, §531.54, and §531.59, Plaintiff is entitled to an award of damages to include costs and attorney's fees for Plaintiff bringing this suit.

## TWELEVTH CLAIM FOR RELIEF

*(Defendants Operate an Illegal Tip Pool in Violation of 29 C.F.R. §531.54)*

387.     Plaintiff realleges paragraphs 1 through 386 of her complaint as though fully rewritten herein.

388.     29 C.F.R. §531.54 requires that a valid tip pool "can only include those employees who customarily and regularly receive tips. However, an employer must notify its employees of any required tip pool contribution amount, may only take tip credit for the amount

of tips each employee ultimely receives, and may not retain any of the employees' tips for any

other purpose."

389.     Upon information and belief, the Defendants tip pool in not valid because it

includes both employees who customarily and regularly receive tips as well as those non-tipped

employees known as Front of House Shift Lead, Back of House Shift Lead, and Server's

Assistants.

390.     Upon information and belief, the Defendants failed to notify the employees of the

contribution amount required by Defendants into the non-valiad tip pool.

391.     Upon information and belief, the Defendants, in violation of 29 C.F.R. §531.54,

retained a portion of the employees' tips for a purpose not allowed by the section.

392.     Upon information and belief, the Defendants took tip credit for amounts in excess

of the tips each employee ultimately received.

393.     As a result of Defendants actions in violation of 29 C.F.R. §531.54, the Plaintiff is

entitled to recover from the Defendants all tips Defendants required Plaintiff to contribute to the

non-valid tip pool as well as an award of attorney's fees and costs. Because tips are considered

"wages" under the Act, the Plaintiff, in addition to the recovery of the tips, is also entitled to an

award of liquidated damges equal to the amount tips.

## DEMAND FOR JUDGMENT

**WHEREFORE,** Plaintiff prays that the Court enter an Order as follows:

a.   Unpaid compensation in an amount exceeding $25,000;

b.   ordering Defendants, jointly and severally, to pay back as well as damages for each
     hour Plaintiff worked for which Defendants failed to pay Plaintiff proper minimum
     wages and overtime;

c.  An injunction prohibiting Defendant from engaging in future overtime pay violations in regard to its employees;

d.  An injunction prohibiting Defendant from engaging in future regular pay violations in regard to its employees;

e.  An injunction prohibiting Defendant from engaging in future records retention violations in regard to its employees;

f.  An injunction prohibiting Defendant from engaging in future non production of employee records violations in regard to its employees;

g.  Liquidated damages to the fullest extent permitted under Federal law;

h.  Treble damages to the fullest extent permitted under State law;

i.  ordering pre-and post-judgment interest on the back pay awards;

j.  ordering Defendants, jointly and severally, to pay unpaid wages and liquidated damages to Plaintiff under R.C. 4113.15;

k.  ordering Defendants, jointly and severally, to repay Plaintiff's tip share contributions made to Defendants' illegal tip pool, liquidated, and treble damages;

l.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, Ohio Constitution, Article II § 34(a), and OMFWSA;

m.  ordering Defendants, jointly and severally, to pay Plaintiff's attorney's fees, costs, and expenses; and

n.  awarding any other legal or equitable relief it deems just and proper.


Respectfully submitted,

FORTUNE LAW LIMITED

/s/Wesley T. Fortune
Wesley T. Fortune (0085397)
Fortune Law Limited
4417 Carroll Southern Road
Canal Winchester, Ohio 43110
T: (614) 218-9745
F: (614) 569-0100
E-mail:  wfortune@wtflegal.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands trial by jury comprised of the maximum number of jurors allowed by law.

                                                            __/s/ Wesley T. Fortune_____
                                                      Wesley T. Fortune (0085397)